IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00958-BNB

RONALD FRAZIER,

      Applicant,

v.

HOYT BRILL (C.C.A.) K.C.C.F., and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

      Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 27 2008

GREGORY C. LANGHAM
CLERK

---

## ORDER TO DISMISS IN PART AND TO DRAW CASE
## TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Applicant Ronald Frazier is a prisoner in the custody of the Colorado Department of Corrections at the Kit Carson Correctional Center at Burlington, Colorado. Mr. Frazier initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 27, 2008, he filed an amended habeas corpus application. On June 26, 2008, Mr. Frazier filed a second amended habeas corpus application. Mr. Frazier is challenging the validity of his conviction and sentence in case number 96CR1265 in the Pueblo County District Court.

In an order filed on July 1, 2008, Magistrate Judge Craig B. Shaffer directed Respondents to file a Pre-Answer Response to address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On July 21, 2008, Respondents filed their Pre-Answer Response. On August 11, 2008, Mr. Frazier filed a reply to the Pre-Answer Response.

The Court must construe the second amended application and other papers filed by Mr. Frazier liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the second amended application in part.

Mr. Frazier was convicted by a jury of one count of second degree murder and he was sentenced to thirty-six years in prison. The judgment of conviction was affirmed on direct appeal. *See People v. Frazier*, No. 98CA0520 (Colo. Ct. App. July 22, 1999) (unpublished). On March 20, 2000, the Colorado Supreme Court denied Mr. Frazier's petition for writ of certiorari. On August 4, 2000, Mr. Frazier filed a postconviction motion for sentence reconsideration that was denied on November 2, 2000. On April 9, 2001, Mr. Frazier filed a postconviction Rule 35(c) motion that the trial court denied on September 21, 2001. The Colorado Court of Appeals affirmed the denial of the Rule 35(c) motion in part and reversed in part. *See People v. Frazier*, No. 01CA2028 (Colo. Ct. App. Aug. 22, 2002) (unpublished). On October 6, 2005, following a hearing on remand, the trial court again denied the Rule 35(c) motion. On December 13, 2007, the Colorado Court of Appeals affirmed the trial court's October 6, 2005, order denying Mr. Frazier's Rule 35(c) motion. *See People v. Frazier*, No. 05CA2459 (Colo. Ct. App. Dec. 13, 2007) (unpublished). On March 31, 2008, the Colorado Supreme Court denied Mr. Frazier's final petition for writ of certiorari in the postconviction proceedings. The Court received the instant action for filing on April 30, 2008.

Mr. Frazier asserts eight claims for relief in his second amended habeas corpus application, including an ineffective assistance of counsel claim with eleven sub-parts. Mr. Frazier's specifically claims that:

(1) he was deprived of a jury finding on the heat of passion element of second degree murder;

(2) the trial court erred in failing to instruct the jury on heat of passion;

(3) the trial court erred in precluding opinion and reputation testimony from Gene Stevenson concerning the victim's character for violence and aggressiveness;

(4) the trial court erred in preventing the defense from impeaching the testimony of Morris Frison with evidence that he had been charged with a felony offense and that he was on cocaine when he gave his statement to the police;

(5) the trial court erred in refusing to instruct the jury on intervening cause;

(6) trial counsel was ineffective by:

    (a) failing to file pretrial motions to suppress statements and evidence, to suppress identification, to recuse the judge, and to receive disclosure of any concessions made by the prosecution to Morris Frison;

    (b) failing to object to speculative testimony of Mr. Hargrove;

    (c) failing to object to hearsay testimony of Morris Frison;

    (d) failing to object to leading questions;

    (e) failing to adequately prepare for and conduct cross-examination of prosecution witnesses;

    (f) failing to timely raise an intervening cause defense;

    (g) failing to interview witnesses favorable to the defense;

    (h) failing to obtain an independent expert witness;

    (i) failing to establish a proper record for appeal of evidentiary issues;

      (j)      failing to request jury instructions on the affirmative defenses of intervening cause and self-defense, the mitigator of heat of passion, and the lesser offenses of manslaughter or criminally negligent homicide; and

      (k)      cumulative error.

(7)     the postconviction court abused its discretion when it failed to transmit the complete record on appeal, rejected his claims on the merits, and failed to make findings of fact and conclusions of law as to two of the claims presented; and

(8)     his sentence was enhanced illegally in violation of ***Apprendi v. New Jersey***, 530 U.S. 466 (2000), and ***Blakely v. Washington***, 542 U.S. 296 (2004).

Respondents concede that the instant action is timely filed pursuant to 28 U.S.C. § 2244(d). However, Respondents contend that a number of Mr. Frazier's claims are not exhausted and are procedurally barred. In particular, Respondents assert that Mr. Frazier's first five claims for relief are not exhausted because, although those claims were raised on direct appeal, they were not raised as federal constitutional claims. Respondents also assert that Mr. Frazier's first claim and three of the sub-parts of his ineffective assistance of counsel claim are not exhausted because, although they were raised on appeal to the Colorado Court of Appeals, those claims were not raised in Mr. Frazier's petitions for writ of certiorari to the Colorado Supreme Court. Respondents concede that Mr. Frazier has exhausted state remedies for the remaining sub-parts of his ineffective assistance of counsel claim and for his seventh and eighth claims for relief.

The Court notes initially that Mr. Frazier's seventh claim for relief does not raise a federal constitutional issue. Mr. Frazier contends in his seventh claim that the postconviction court abused its discretion in a number of ways. However, there is no

4

federal constitutional right to postconviction review in the state courts. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). Furthermore, a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"). Therefore, Mr. Frazier's seventh claim for relief will be dismissed.

The Court next will address Respondents' argument that a number of Mr. Frazier's claims are not exhausted. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d

1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas

corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S.

at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary

to support the federal claim were before the state courts." *Anderson v. Harless*, 459

U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional

claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*,

513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly."

*Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing

a federal habeas corpus action bears the burden of showing that he has exhausted all

available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

As noted above, Respondents assert that Mr. Frazier's first five claims for relief

are not exhausted because those claims were not raised as federal constitutional

claims on direct appeal. Mr. Frazier disagrees.

The Court has reviewed Mr. Frazier's opening brief on direct appeal to the

Colorado Court of Appeals and finds that he raised his first, second, third, and fourth

claims for relief as federal constitutional claims. Mr. Frazier cited a United States

Supreme Court case in support of his first claim and he cited specific provisions of the

United States Constitution in support of his second, third, and fourth claims for relief.

Given these specific citations to federal case law and the federal Constitution, it is not

clear why Respondents assert that Mr. Frazier failed to raise these claims as federal

constitutional claims. Respondents do not present any substantive argument in support

of this assertion in the Pre-Answer Response. Therefore, in the absence of any argument to the contrary, the Court finds that Mr. Frazier's first, second, third, and fourth claims are exhausted.

The Court does agree with Respondents that Mr. Frazier's fifth claim for relief, which also was raised on direct appeal, was not raised as a federal constitutional claim. In his reply to the Pre-Answer Response, Mr. Frazier concedes that he did not make any specific references to either the federal Constitution or other federal law in support of his fifth claim. However, he contends that he exhausted state remedies for his fifth claim because the fifth claim is related to one of the sub-parts of his ineffective assistance of counsel claim that clearly was raised as a federal constitutional claim in the state court postconviction proceedings. The Court does not agree that any similarity between Mr. Frazier's fifth claim for relief and one of the sub-parts of his ineffective assistance of counsel claim demonstrates that he has exhausted state remedies for the fifth claim. Mr. Frazier's fifth claim for relief, in which he asserts that the trial court erred in refusing to instruct the jury on intervening cause, is separate and distinct from his claim that counsel was ineffective by failing to request a jury instruction on intervening cause. Therefore, the Court finds that Mr. Frazier's fifth claim for relief is not exhausted.

Respondents also argue that Mr. Frazier's first claim and three sub-parts of his ineffective assistance of counsel claim are not exhausted because those claims were raised on appeal only in the Colorado Court of Appeals and not in the Colorado Supreme Court. Mr. Frazier contends in his reply that he is not required to present his claims to the Colorado Supreme Court in order to exhaust state remedies because

Colorado Appellate Rule 51.1 eliminates the need to seek certiorari review in the Colorado Supreme Court. The Court agrees.

In order to exhaust state court remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id.* at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process. More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1. Therefore, the Court finds that review in the Colorado Supreme Court is not required to exhaust state court remedies.

The Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See*

*Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999). The Court is not aware of any case that reaches a contrary conclusion. Therefore, the fact that Mr. Frazier did not raise his first claim and three of the sub-parts of his ineffective assistance of counsel claim in his petitions for writ of certiorari in the Colorado Supreme Court does not demonstrate that those claims are unexhausted.

Although Mr. Frazier failed to exhaust state remedies for his fifth claim for relief, the Court may not dismiss that claim for failure to exhaust state remedies if Mr. Frazier no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. The Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions that are not applicable to the claim Mr. Frazier failed to exhaust. *See* Colo. R. Crim. P. 35(c)(3)(VI). Furthermore, it appears that any further efforts by Mr. Frazier to raise his fifth claim in state court would be time-barred. *See* Colo. Rev. Stat. § 16-5-402. Therefore, the fifth claim is procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730

(1991). Mr. Frazier's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. **See** **Lepiscopo v. Tansy**, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Frazier fails to demonstrate either cause and prejudice for his procedural default or that a failure to consider his fifth claim will result in a fundamental miscarriage of justice. Therefore, the Court finds that Mr. Frazier's fifth claim is procedurally barred and must be dismissed.

In summary, the Court will dismiss Mr. Frazier's seventh claim for relief because it does not raise a federal constitutional issue. The Court will dismiss Mr. Frazier's fifth claim for relief as procedurally barred. The Court finds that the remaining claims are timely and exhausted. Therefore, upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the case will be drawn to a district judge and to a magistrate judge. **See** D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that Applicant's fifth and seventh claims for relief are dismissed for the reasons stated in this order. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 26 day of Aug., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No.  08-cv-00958-BNB

Ronald Frazier
Prisoner No.  58407
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named
individuals on _8/27/06_

GREGORY C. LANGHAM, CLERK

By:_____
                   Deputy Clerk