IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-00958-WYD-CBS

RONALD FRAZIER,

Applicant,

v.

HOYT BRILL (C.C.A.) K.C.C.F., and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

Respondents.

---

# ORDER

---

This matter is before me on Applicant's motion to add a claim (docket #25) filed September 17, 2008, and Applicant's "Motion to Enlarge 28 U.S.C. § 2254 Claim VI, Ineffective Assistance of Counsel" ("Motion to Enlarge") (docket #36) filed January 9, 2009. On November 12, 2008, Respondents filed a response (docket #31) to Applicant's motion to add a claim and on March 9, 2009, Respondents filed a response (docket #42) to Applicant's Motion to Enlarge. On March 20, 2009, Applicant filed a reply (docket #44) to Respondents' March 9 response. For the reasons stated below, the motion to add a claim will be granted and the Motion to Enlarge will be denied.

Applicant is a prisoner in the custody of the Colorado Department of Corrections. Applicant has filed ***pro se*** on June 26, 2008, a second amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket #12) challenging the validity of his conviction and sentence in Pueblo County District Court case number 96CR1265.

During the initial review of the second amended application, Senior Judge Zita L. Weinshienk entered an order (docket #21) on August 28, 2008, dismissing two of Applicant's eight claims for relief and directing that the case be drawn to a district judge and to a magistrate judge. The case was drawn to me.

I must construe the second amended application, motions, and other papers filed by Applicant liberally because he is not represented by an attorney. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be an advocate for a ***pro se*** litigant. ***See Hall***, 935 F.2d at 1110.

Applicant is serving a sentence of thirty-six years in prison following his conviction by a jury of one count of second degree murder. The judgment of conviction was affirmed on direct appeal, ***see People v. Frazier***, No. 98CA0520 (Colo. Ct. App. July 22, 1999) (unpublished) ("***Frazier I***"), and on March 20, 2000, the Colorado Supreme Court denied Applicant's petition for writ of certiorari on direct appeal.

Following the conclusion of his direct appeal, Applicant filed a postconviction motion for sentence reconsideration on August 4, 2000. On November 2, 2000, the trial court denied the motion for sentence reconsideration. Applicant then filed a postconviction Rule 35(c) motion on April 9, 2001, that was denied by the trial court on September 21, 2001. On August 22, 2002, the Colorado Court of Appeals affirmed the denial of the Rule 35(c) motion in part and reversed in part. ***See People v. Frazier***, No. 01CA2028 (Colo. Ct. App. Aug. 22, 2002) (unpublished) ("***Frazier II***"). The trial court held a hearing on remand and again denied the Rule 35(c) motion on October 6, 2005.

The trial court's order denying the Rule 35(c) motion on remand was affirmed on December 13, 2007. ***See People v. Frazier***, No. 05CA2459 (Colo. Ct. App. Dec. 13, 2007) (unpublished) ("***Frazier III***"). On March 31, 2008, the Colorado Supreme Court denied Applicant's final petition for writ of certiorari in the postconviction proceedings. Applicant filed his original application for a writ of habeas corpus in the instant action on April 30, 2008.

Applicant asserts eight claims for relief in his second amended habeas corpus application, including an ineffective assistance of counsel claim with eleven sub-parts. Applicant specifically claims that:

(1) he was deprived of a jury finding on the heat of passion element of second degree murder;

(2) the trial court erred in failing to instruct the jury on heat of passion;

(3) the trial court erred in precluding opinion and reputation testimony from Gene Stevenson concerning the victim's character for violence and aggressiveness;

(4) the trial court erred in preventing the defense from impeaching the testimony of Morris Frison with evidence that he had been charged with a felony offense and that he was on cocaine when he gave his statement to the police;

(5) the trial court erred in refusing to instruct the jury on intervening cause;

(6) trial counsel was ineffective by:

  (a) failing to file pretrial motions to suppress statements and evidence, to suppress identification, to recuse the judge, and to receive disclosure of any concessions made by the prosecution to Morris Frison;

  (b) failing to object to speculative testimony of Mr. Hargrove;

(c) failing to object to hearsay testimony of Morris Frison;

(d) failing to object to leading questions;

(e) failing to adequately prepare for and conduct cross-examination of prosecution witnesses;

(f) failing to timely raise an intervening cause defense;

(g) failing to interview witnesses favorable to the defense;

(h) failing to obtain an independent expert witness;

(i) failing to establish a proper record for appeal of evidentiary issues;

(j) failing to request jury instructions on the affirmative defenses of intervening cause and self-defense, the mitigator of heat of passion, and the lesser offenses of manslaughter or criminally negligent homicide; and

(k) cumulative error.

(7) the postconviction court abused its discretion when it failed to transmit the complete record on appeal, rejected his claims on the merits, and failed to make findings of fact and conclusions of law as to two of the claims presented; and

(8) his sentence was enhanced illegally in violation of ***Apprendi v. New Jersey***, 530 U.S. 466 (2000), and ***Blakely v. Washington***, 542 U.S. 296 (2004).

Judge Weinshienk dismissed claim five as procedurally barred and she dismissed claim seven because that claim does not raise a federal constitutional issue.

In his motion to add a claim filed on September 17, 2008, Applicant seeks permission to amend the second amended application in order to assert a claim that

counsel on direct appeal was ineffective.[1] Applicant alleges in support of this claim that counsel failed to raise two specific claims in Applicant's direct appeal. The two claims counsel allegedly failed to raise were claims that trial counsel was not allowed to attack witness Frison's credibility and that Applicant's sentence is illegal. Although Respondents concede that the ineffective assistance of appellate counsel claim is timely, Respondents contend that the motion to add a claim should be denied because the claim is unexhausted and procedurally barred and lacks substantive merit.

Respondents specifically assert that Applicant's ineffective assistance of appellate counsel claim is not exhausted because Applicant "never challenged direct appeal counsel's performance in the state courts." (Resp. to Applicant's Mot. to Add Claim at 4.) However, the Colorado Court of Appeals in ***Frazier II*** addressed the merits of Applicant's claim that counsel on direct appeal was ineffective for failing to challenge the trial court's preclusion of impeachment testimony and for not challenging the legality of Applicant's sentence. ***See Frazier II***, slip op. at 4-5. In ***Frazier III***, the Colorado Court of Appeals noted that Applicant's ineffective assistance of appellate counsel claim had been rejected in ***Frazier II***. ***See Frazier III***, slip op. at 2. Therefore, contrary to Respondents assertion, it is clear that Applicant did challenge direct appeal counsel's performance in the state courts. Because Respondents' entire exhaustion argument is premised on the erroneous contention that Applicant never raised the claim in the state courts, I find that Respondents fail to demonstrate the ineffective assistance of appellate

[1]Applicant's motion to add a claim was combined in one document with a motion to reconsider Judge Weinshienk's order dismissing two of his claims. The motion to reconsider was denied by order (docket #29) filed on October 29, 2008.

claim is not exhausted. I need not address Respondents' contention that the claim is procedurally barred because I do not find that the claim is unexhausted.

I will not address in this order the merits of Applicant's claim that counsel on direct appeal was ineffective. The motion to add a claim will be granted and I will address the merits of all of Applicant's claims in a future order.

I next will address Applicant's Motion to Enlarge. In the Motion to Enlarge, Applicant seeks to add a new sub-part "L" to his ineffective assistance of trial counsel claim to include the allegation that trial counsel was ineffective by failing to conduct a pre-trial investigation. He apparently contends in support of this new claim that counsel failed to "do any per-trial [sic] investigation to introduce exculpatory evidence that would have mitigated [Applicant's] culpability." (Mot. to Enlarge at 2.)

Respondents argue that the Motion to Enlarge should be denied because the claim Applicant seeks to add is untimely, unexhausted, and lacks substantive merit. Because I find that the ineffective assistance of trial counsel claim Applicant raises in the Motion to Enlarge is untimely, I need not address Respondents' other arguments.

The instant habeas corpus action is subject to the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

I first must determine when Applicant's conviction became final. In general, a conviction becomes final following a decision by the state court of last resort on direct appeal when the United States Supreme Court denies review, or, if no petition for writ of certiorari is filed, when the time for seeking such review expires. ***See Locke v. Saffle***, 237 F.3d 1269, 1273 (10th Cir. 2001). Pursuant to Rule 13.1 of the Rules of the Supreme Court of the United States, Applicant had ninety days to seek review in the United States Supreme Court after the Colorado Supreme Court denied his petition for writ of certiorari on direct appeal on March 20, 2000, but he did not do so. Therefore, I find that Applicant's conviction became final on June 19, 2000, when the time for filing a

petition for writ of certiorari in the United States Supreme Court expired.[2] I also find that the one-year limitation period began to run on June 19, 2000, because Applicant does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his new ineffective assistance of trial counsel claim before his conviction became final.

The next question I must answer is whether Applicant's postconviction motions in state court tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." ***Artuz v. Bennett***, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

***Habteselassie v. Novak***, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a postconviction motion is pending is a matter of federal

---

[2] The ninetieth day after March 20, 2000, was June 18, 2000. However, June 18, 2000, was a Sunday. Therefore, the filing period extended until the next day, June 19, 2000. ***See*** Sup. Ct. R. 30.1.

law. ***See Gibson v. Klinger***, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." ***Barnett v. Lemaster***, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner ***could have*** sought an appeal under state law." ***Gibson***, 232 F.3d at 804.

Respondent concedes that both of Applicant's state court postconviction motions were properly filed and tolled the one-year limitation period. As noted above, Applicant filed a motion for sentence reconsideration on August 4, 2000, that was denied by the trial court on November 2, 2000. However, the forty-five days between June 19, 2000, when the one-year limitation period began to run, and August 4, 2000, when Applicant filed the motion for sentence reconsideration, count against the one-year limitation period. The one-year limitation period was tolled while the motion for sentence reconsideration was pending, and this tolling period includes the time during which Applicant could have filed an appeal from the trial court's November 2, 2000, order. ***See id.*** Pursuant to Rule 4(b) of the Colorado Appellate Rules, Applicant had forty-five days to file a notice of appeal after November 2, 2000. Therefore, I find that the one-year limitation period was tolled until December 18, 2000.[3]

Applicant filed his postconviction Rule 35(c) motion on April 9, 2001, and the

---

[3]The forty-fifth day after November 2, 2000, was December 17, 2000. However, December 17, 2000, was a Sunday. Therefore, the time for filing a notice of appeal extended to December 18, 2000. ***See*** Colo. App. R. 26(a).

proceedings relevant to that motion were pending in state court until the Colorado Supreme Court denied Applicant's final petition for writ of certiorari on March 31, 2008. However, the 111 days between December 18, 2000, when the state court proceedings relevant to the motion for sentence reconsideration concluded, and April 9, 2001, when Applicant filed the Rule 35(c) motion, also count against the one-year limitation period.

Finally, the 283 days after the Colorado Supreme Court denied Applicant's petition for writ of certiorari on March 31, 2008, and before Applicant filed his Motion to Enlarge on January 9, 2009, also count against the one-year limitation period with respect to the ineffective assistance of trial counsel claim Applicant seeks to raise in the Motion to Enlarge. The sum of these three periods of time that count against the one-year limitation period is 439 days, which exceeds one year. Therefore, the ineffective assistance of trial counsel claim Applicant seeks to raise in his Motion to Enlarge appears to be time-barred.

Applicant argues that the ineffective assistance of trial counsel claim he seeks to raise in his Motion to Enlarge is not time-barred because the claim is not a new claim, but "rather the enlargement and the compartmentalization of the ineffective assistance of counsel claim" already raised in this action. (Reply to Mot. to Enlarge at 1.) However, Applicant also states "[a]ll the [Applicant] is asking is that he be allowed to add issue [sic] that was overlooked." (***Id.*** at 2.)

Applicant may amend the habeas corpus application, even after the expiration of the one-year limitation period, as long as the amended claim relates back to the timely-filed claims. ***See Mayle v. Felix***, 545 U.S. 644 (2005). In order to relate back, the

timely claims and the amended claim must be "tied to a common core of operative facts." ***Id***. at 664. It is not enough that the amended claim merely relates to the same trial, conviction, or sentence. ***Id***. at 656-64. A claim will not relate back if "it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." ***Id.*** at 650.

Although it is conceivable that the ineffective assistance of trial counsel claim Applicant seeks to raise in the Motion to Enlarge could relate back to two of the sub-parts of his ineffective assistance of counsel claim in the second amended application, Applicant fails to provide any factual support for his new ineffective assistance of counsel claim to justify such a conclusion. More specifically, Applicant does not allege what pretrial investigation counsel failed to conduct or what exculpatory evidence could have been introduced that would have mitigated his culpability. The simple fact that Applicant's second amended application includes a timely ineffective assistance of counsel claim is not enough, by itself, to make the new ineffective assistance of counsel claim relate back and be considered timely. ***See United States v. Ciampi***, 419 F.3d 20, 24 (1st Cir. 2005).

Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Applicant must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." As a result, the habeas corpus rules are more demanding than the rules applicable to ordinary civil actions that require only notice pleading. ***See Mayle***, 545 U.S. at 655. Naked allegations of constitutional violations are not cognizable under § 2254. ***See Ruark v.***

***Gunter***, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Because Applicant fails to provide specific facts in support of the ineffective assistance of trial counsel claim he seeks to raise in the Motion to Enlarge, I cannot conclude that the claim is "tied to a common core of operative facts." ***See Mayle***, 545 U.S. at 664. As a result, I find that the ineffective assistance of counsel claim Applicant seeks to raise in the Motion to Enlarge is untimely and the Motion to Enlarge will be denied. Accordingly, it is

ORDERED that Applicant's motion to add a claim (docket #25) filed September 17, 2008, is **GRANTED.** It is

FURTHER ORDERED that Applicant's "Motion to Enlarge 28 U.S.C. § 2254 Claim VI, Ineffective Assistance of Counsel" (docket #36) filed January 9, 2009, is **DENIED.**

Dated: April 28, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge